UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. S1-4:18-CR-00565-CDP (JMB) |
| 4-GREGORY IVY, aka "Scooby," | ) ) ) ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Gregory IVY, represented by defense counsel John Lynch, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts One and Four of the Superseding Indictment, the government agrees that no further federal prosecution will be brought in this District relative to the defendant's conspiracy to distribute heroin and/or fentanyl between September of 2014 and the date of the Superseding Indictment, of which the Government is aware at this time. Furthermore,

1

the government agrees that no further federal prosecution will be brought in this District relative to the defendant's distribution of fentanyl to C.P. on or about May 3, 2018, which resulted in the overdose death of C.P.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, pursuant to the guilty plea to Counts One and Four, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to:

- Approximately $3,137.00 U.S. Currency seized on July 18, 2018;
- Approximately $61,980.00 U.S. Currency seized on July 18, 2018;
- Smith and Wesson 9mm semi-automatic pistol;
- Taurus 9mm semi-automatic pistol;
- Glock model 19, 9mm semi-automatic pistol;
- Glock model 17, 9x19 caliber semi-automatic pistol;
- Glock 23C model, .40 caliber semi-automatic pistol;
- SCCY CPX-2 9mm Handgun;
- Anderson Arms AR-15 Rifle;
- Glock 27 Pistol, .40 caliber;
- Taurus G2C 9mm Pistol;
- Anderson Manufacturing AM15 Rifle;
- Glock 22C .40 caliber Pistol;
- Mossberg .22 Rifle;
- Savage 67H 12 gauge Shotgun;

- Intratec CAT45 .45 caliber Pistol; and a
- Glock 21 .45 caliber semi-automatic pistol.

### 3. ELEMENTS:

As to Count One, the defendant admits to knowingly violating Title 21, United States Code, Sections 846 and 841(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) Beginning at an unknown time, but including September of 2014 and through the date of this Superseding Indictment, within the Eastern District of Missouri, the defendant and his co-defendants, and/or other persons known and unknown to the government, reached an agreement or came to an understanding to distribute and possess, with the intent to distribute, mixtures or substances containing detectable amounts of fentanyl; and

(b) That the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some time while it was still in effect; and

(c) That at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement; and

(d) That the quantity of fentanyl attributable to the defendant, as part of his participation in the conspiracy, and as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, is more than 400 grams.

As to Count Four, the defendant admits to knowingly violating Title 21, United States Code, Sections 846 and 841(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

3

(a) That on or about May 3, 2018, within the Eastern District of Missouri, the defendant distributed a controlled substance, to-wit: fentanyl, and;

(b) That he distributed a controlled substance knowingly and intentionally, and;

(c) That C.P., a person whose identity is known to the defendant, died as a result of the use of that substance and would not have died "but for" its use.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Beginning at an unknown time, but up to and including September of 2014 and through the date of the Superseding Indictment, defendant Gregory IVY agreed with his co-defendants to act as a distributor for drug customers seeking fentanyl in the St. Louis Metropolitan area, within the Eastern District of Missouri. Members of the investigative team determined that co-defendant Demetrius Johnson maintained at least one cellular telephone, which he would pass around to members of the charged conspiracy for the purpose of having the possessor of the phone distribute fentanyl on his behalf. Gregory IVY agreed to act as one of those distributors, often maintaining control of the cellular telephone and distributing fentanyl to customers who would contact the telephone.

In the morning hours of May 3, 2018, officers with the St. Louis Metropolitan Police Department responded to a call for help at 1515 Hickory, in the City of St. Louis, within the Eastern District of Missouri. Upon arrival, C.P., a person whose identity is known to the defendant, was found unresponsive by his father and his sister, who had broken out C.P.'s car window in an

4

attempt to resuscitate him. Ultimately, rescue efforts were unsuccessful and C.P. was pronounced deceased at 9:34am. The Office of the Medical Examiner conducted a post-mortem examination and toxicology screening on the body of C.P., after which the Medical Examiner concluded that C.P. had died as a result of acute fentanyl intoxication.

At the time of C.P.'s death, investigators were actively monitoring wire and electronic interceptions on cellular telephones belonging to co-defendant Demetrius Johnson. Investigators intercepted communications between co-defendant Christopher Pipes and Demetrius Johnson in which Pipes informed Johnson that he (Pipes) had been in possession of the common phone used by members of the conspiracy to distribute narcotics in the morning hours of May 3, 2018. However, Pipes was using the bathroom and gave the phone to defendant IVY, who took C.P.'s phone call then distributed three capsules of fentanyl to C.P. The location where C.P. was found unresponsive was within the Peabody Housing Complex, where IVY had conducted the transaction. The parties agree that expert testimony in the event of trial would establish beyond a reasonable doubt that C.P. would not have died but for his ingestion of fentanyl.

The parties agree that the readily provable amount of fentanyl for which IVY is accountable, including the readily foreseeable conduct of his co-conspirators, is more than 400 grams but less than 1.2 kilograms.

### 5. STATUTORY PENALTIES:

#### Count One

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than life, a fine of not more than $10,000,000.00, or both such imprisonment and fine. The Court shall also impose

a period of supervised release of not less than five (5) years. **The defendant also fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least ten (10) years.**

Count 4

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than life, a fine of not more than $1,000,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than three (3) years. **The defendant also fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least 20 years.**

**6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that he following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the base offense level is 38, as found in Section 2D1.1(a)(2). The parties agree that the offense of conviction establishes that death resulted from the use of the substance distributed by defendant.

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: None.

**b. Chapter 3 Adjustments:**

6

**(1) Acceptance of Responsibility:** The parties agree that three (3) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2) Other Adjustments:** The parties agree that the following additional adjustments apply: None.

**c. Other Adjustment(s) and Disputed Adjustments:** None.

**d. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 35, unless defendant is a Career Offender. Depending on the underlying offense and defendant's criminal history, defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

**e. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The

defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than

Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

      **b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

      **c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

      **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

      **b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

      **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the

9

defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

   **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

   **e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

   **f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately. In addition, the Court may impose restitution (in addition to any penalty authorized by law) which will also be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g. Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. [Defendant specifically agrees to the forfeiture of the following:

- Approximately $3,137.00 U.S. Currency seized on July 18, 2018;
- Approximately $61,980.00 U.S. Currency seized on July 18, 2018;
- Smith and Wesson 9mm semi-automatic pistol;
- Taurus 9mm semi-automatic pistol;
- Glock model 19, 9mm semi-automatic pistol;
- Glock model 17, 9x19 caliber semi-automatic pistol;
- Glock 23C model, .40 caliber semi-automatic pistol;
- SCCY CPX-2 9mm Handgun;
- Anderson Arms AR-15 Rifle;
- Glock 27 Pistol, .40 caliber;
- Taurus G2C 9mm Pistol;
- Anderson Manufacturing AM15 Rifle;
- Glock 22C .40 caliber Pistol;
- Mossberg .22 Rifle;
- Savage 67H 12 gauge Shotgun;
- Intratec CAT45 .45 caliber Pistol; and a
- Glock 21 .45 caliber semi-automatic pistol.

The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

11

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

### 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

8/26/2020
Date

ANGIE E. DANIS, #64805MO
Assistant United States Attorney

9-22-20
Date

GREGORY IVY
Defendant

9/22/20
Date

JOHN LYNCH
Attorney for Defendant

14